

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable C. H. Gilmer
Speaker of the House
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Mr. Gilmer:

Opinion No. 0-6703
Re: Whether a member of the Joint
Legislative Committee created by
Ch. 373, 48th Legislature ceases
to be a member when he is no long-
er a member of the Legislature,
and another incidental question.

We beg to acknowledge receipt of your letter request-
ing an opinion upon the above subject matter, as follows:

"The following question is directed with refer-
ence to Section 1 of Article 12 of Chapter 373, Acts
of the Regular Session of the 48th Texas Legislature.

"This section provides for a Joint Legislative
Committee composed of five members of the Senate, ap-
pointed by the President of the Senate, and five mem-
bers of the House of Representatives, appointed by
the Speaker of the House of Representatives, a major-
ity of which shall constitute a quorum.

"Representatives Fitzgerald, Manning, McCann,
Proffer and Callaway were appointed by Speaker Dan-
iel from the House as the Committee under the bill
for the current biennium. The first three Repre-
sentatives were not returned to the 49th Legislature
and therefore ceased to represent their districts
upon the qualifications of their successors.

"The question is whether or not, when these
parties ceased to be members of the House of Repre-
sentatives, they ceased to belong to the Committee
in question, so as to require the present Speaker of
the 49th Legislature to fill such vacancies?"

Section 1 of Article 12 of House Bill No. 176, Chapter
373, of the 48th Legislature, Regular Session, is as follows:

"There is hereby created a Joint Legislative
Committee composed of five (5) members of the Sen-
ate, appointed by the President of the Senate, and
five (5) members of the House of Representatives
appointed by the Speaker of the House of Represen-
tatives, a majority of which shall constitute a
quorum for the purpose of discharging any duty im-
posed upon said Committee. Said Committee shall
promptly organize and elect from its membership a
chairman, a vice-chairman and a secretary, shall
vote as a unit on all propositions coming before
it for consideration and shall keep a permanent re-
cord of its proceedings. The members of said Com-
mittee shall receive no compensation for the ser-
vices performed under the provisions of this Act,
but each shall receive his actual and necessary ex-
penses incurred in the discharge of his duties as
such member."

The subsequent sections of the Article --2 to 7 --
define the duties of the Committee, the chief ones being the ap-
pointment of a legislative accountant, (Sec. 2) and after the
close of each fiscal year to consider the report required of
the legislative accountant, and to make recommendations based
thereon to the next regular session of the Legislature there-
after; and, further, to study the school laws in order that they
may be recodified, and to make recommendations thereon to the
next Legislature. (Sec. 5)

Your questions involve a construction of Section 1
hereinabove quoted.

It is clear, we think, that the Legislature in creat-
ing the Joint Legislative Committee intended that the same
should be composed of members of the Senate and of the House
at all times. It is provided that "the members of said Committee
shall receive no compensation for the services performed under
the provisions of this Act, but each shall receive his actual
and necessary expenses incurred in the discharge of his duties
as such member." This accentuates the thought that the Legisla-
ture was imposing upon its members additional, interim duties
in line with their constitutional duties, and the further re-
quirements contained in Section 5 that the "Committee is also
directed to study the school laws in order that said laws may
be recodified, and make recommendations thereon to the next Leg-
islature", likewise emphasize this conclusion.

From what we have said it follows that when a member
of this Committee ceases to be a member of the branch of the
Legislature from which he was appointed he automatically ceases

to be a member of the Committee, whether such situation be the result of death, resignation, or expiration of his term.

It also follows that when such a vacancy occurs in the Committee, it is the duty of the Speaker of the House, or the President of the Senate, as the case may be, to make the proper appointment to fill the vacancy or vacancies.

Trusting that what we have said sufficiently answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc

APPROVED JUL 19, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman